*Monday, December 20, 1999*

## MOTION DOCKET

96-2853.  State v. White.

Summit C.P. No. CR96010059. On June 18, 1999, this court stayed the execution of sentence in this cause pending exhaustion of state post-conviction remedies. Appellee has moved that this court set a date for execution of sentence. It appearing to the court that this court declined jurisdiction and dismissed the appeal in case No. 99–1414, appellant's post-conviction appeal, on October 20, 1999,

IT IS ORDERED by the court, *sua sponte*, that the stay of execution entered in this cause on June 18, 1999, be, and hereby is, revoked, effective December 17, 1999.

IT IS HEREBY ORDERED by this court that said sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Thursday, the 16th day of March, 2000, in accordance with the statutes so providing.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Summit County.

## MISCELLANEOUS DISMISSALS

99-1303.  State v. Tobias.

Cuyahoga App. No. 76402. This cause is pending before the court as an appeal of right from the Court of Appeals for Cuyahoga County. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction, due July 19, 1999, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*.

*Tuesday, December 21, 1999*

## MOTION DOCKET

99-924.  York v. Mayfield Neurological Inst., Inc.

Butler App. Nos. CA96-08-164 and CA97-03-057. On November 2, 1999, appellants/cross-appellees filed a merit brief signed by three attorneys as co-counsel. One of the attorneys, Gary L. Gardner, is not admitted to practice in Ohio and has not sought admission *pro hac vice* as required by S.Ct.Prac.R. I(1) and (2). Accordingly,

IT IS ORDERED by the court, *sua sponte*, that the name of Gary L. Gardner be, and hereby is, stricken from appellants/cross-appellees' merit brief and Gary L. Gardner shall not be permitted to appear in this case.